UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GERMAINE JARMARE WIGGINS, : | | |
| : | | |
| Plaintiff, : | | Civil Actions Nos. |
| : | | 08-2251 (RMB) and |
| v. : | | 08-2253 (RMB) |
| : | | |
| OFFICER M. MONTOYA, et al., : | | |
| : | | **O R D E R** |
| Defendants. : | | |
| : | | |
| GERMAINE JARMARE WIGGINS, : | | |
| : | | |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| CAPTON GERALDINE COHEN, : | | |
| et al., : | | |
| : | | |
| Defendants. : | | |
| : | | |

For the reasons stated in the opinion filed herewith,

**IT IS** on this **3rd** day of **June** 2008, **ORDERED** that Plaintiff may proceed in forma pauperis in both actions, without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

**ORDERED** that the Clerk is directed to file Plaintiff's Complaints in each of the above-captioned actions; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order by regular mail on the warden of Plaintiff's place of confinement; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 WITH RESPECT TO EACH OF THESE ACTIONS, resulting in the total filing fee for both actions in the amount of $700.00, and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of either one of these litigations; and it is further

**ORDERED** that in each month that the amount in Plaintiff's account exceeds $10.00, until the total $700.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk a payment FOR EACH ACTION, and EACH PAYMENT should be equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and EACH PAYMENT shall reference the civil docket number of its respective action; and it is further

**ORDERED** that Plaintiff's claims in Civil Action No. 08-2251 raised against the Atlantic County Justice Facility and Department of Public Safety are DISMISSED WITH PREJUDICE, and the Clerk shall terminate these entities as Defendants in Civil Action No. 08-2251; and it is further

**ORDERED** that Plaintiff's claims in Civil Action No. 08-2251 raised against the remaining Defendant Montoya may PROCEED past the sua sponte dismissal stage; and it is further

**ORDERED** that Plaintiff's claims in Civil Action No. 08-2253 against the Atlantic County Justice Facility are DISMISSED WITH PREJUDICE, and the Clerk shall terminate this entity as Defendant in Civil Action No. 08-2253; and it is further

**ORDERED** that Plaintiff's claims in Civil Action No. 08-2253 seeking criminal charges against Cohen are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's claims in Civil Action No. 08-2253 asserting violations of his rights as a result of Plaintiff's placement on suicide watch are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's claims in Civil Action No. 08-2253 challenging his placement on high-security watch and related to his conditions of segregated confinement are DISMISSED WITHOUT PREJUDICE to Plaintiff's filing of an amended complaint; and it is further

**ORDERED** that Plaintiff's remaining claims in Civil Action No. 08-2253 are similarly DISMISSED WITHOUT PREJUDICE to inclusion in his amended complaint allegations clarifying these claims; and it is further

**ORDERED that in the event Plaintiff seeks to amend his claims in No. 08-2253, which this Court has dismissed, he shall assert such amended claims in Civil Action No. 08-2251, in the interest of judicial economy**; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall, with respect to in Civil Action No. 08-2251, issue summons and the United States Marshal shall serve summons and copies of the Complaint, this Order and accompanying Opinion upon Defendant Montoya, a correctional facility officer at the Atlantic County Justice Facility, with all costs of service advanced by the United States and it is further

**ORDERED** that the Clerk shall serve copies of this Order and the Opinion filed herewith by regular mail on the Attorney General for the State of New Jersey; and it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant Montoya shall file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff, with respect to Civil Action No. 08-2251, of the opportunity to apply in writing to the assigned judge for the appointment of <u>pro bono</u> counsel in accordance with the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 454 (3d Cir. 1997), which sets forth the requirements for eligibility for appointment of

pro bono counsel (in this regard, Plaintiff is advised that such appointment is neither guaranteed nor automatic); and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

**ORDERED** that Civil Action No. 08-2253 is administratively terminated; and it is further

**ORDERED** that, within thirty days from the date of entry of this Order, Plaintiff shall file with the Clerk his amended complaint in Civil Action No. 08-2251, executing such amended complaint in accordance with the instructions provided to Plaintiff by this Court in the Opinion filed herewith; and it is further

**ORDERED** that, in the event Plaintiff files his amended complaint in Civil Action No. 08-2251 within thirty days from the

date of entry of this Order, the Court will screen Plaintiff's amended complaint; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order and accompanying Opinion upon Plaintiff by certified mail, return receipt requested, and close the file in Civil Action No. 08-2253.

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   **United States District Judge**